# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MAHDIAR VALEFI,**

Grasplantsoen 49,

Eindhoven, 5658HE,

The Netherlands,

*Plaintiff,*

v.

**MARCO RUBIO,** United States Secretary of State,

*in his official capacity as Secretary of State,*

The Executive Office

Office of Legal Advisor, Suite 5.600

600 19th Street, N.W.

Washington, D.C. 20522,

**JOHN ARMSTRONG,** Assistant Secretary of State,

*in his official capacity as Assistant Secretary*

*of State for Consular Affairs,*

The Executive Office

Office of Legal Advisor, Suite 5.600

600 19th Street, N.W.

Washington, D.C. 20522,

**MARCUS MICHELI,** Deputy Chief of Mission,

United States Embassy, Amsterdam, the Netherlands,

*in his official capacity as Deputy Chief of Mission,*

Case: 1:25–cv–02452
Assigned To : McFadden, Trevor N.
Assign. Date : 7/23/2025
Description: Pro Se Gen. Civ. (F–DECK)

Civil Action No.:

1

RECEIVED
JUL 23 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The Executive Office

Office of Legal Advisor, Suite 5.600

600 19th Street, N.W.

Washington, D.C. 20522,

    *Defendants.*

## PETITION FOR WRIT OF MANDAMUS
## AND COMPLAINT FOR DECLARATORY INJUNCTIVE RELIEF

Plaintiff MAHDIAR VALEFI ("Plaintiff") respectfully files this Petition to compel Defendants to conclude pending administrating processing and adjudicate his visa application, which has been pending for over 26 months following an INA § 221(g) refusal. This unreasonable delay severely burdens Plaintiff and his Family. (Case No. **AMS2022848001**).

The U.S. Embassy in Amsterdam, the Netherlands ("Embassy" or "Consulate") interviewed Plaintiff on May 23, 2023, but this visa application is now stuck in so-called **"administrative processing" or "AP" for over 26 (twenty six) months.**

Defendants maintain jurisdiction over Plaintiff's petition but have unreasonably and improperly withheld action to the detriment of Plaintiff and his family.

Plaintiff respectfully asks the Court to order Defendants to process his AP and to adjudicate this visa as soon as possible.

### I.    NATURE OF ACTION

1.  Plaintiff is a Dutch citizen. He is the petitioner for an I-140 National Interest Waiver visa.

2. After an interview on May 23, 2023, at the U.S. Embassy in Amsterdam, Plaintiff's application was placed in administration processing.

3. To date, Defendants have not made a decision as to the status of Plaintiff's AP.

4. Plaintiff has made numerous inquiries regarding the status of his unresolved AP and the fate of the visa application.

5. Plaintiff previously filed a petition for a writ of mandamus in United State District Court for the District of Columbia in July 2024(Case 1:24-cv-02162-JMC). That case was dismissed after defendants filed a motion to dismiss. Plaintiff now brings this new action due to continuing and unreasonable delay, which has now extended over 26 months.

6. Despite Plaintiff 's best efforts, Defendants have unreasonably delayed in making a final determination on the status of Plaintiff's AP, leaving him unable to plan for his and his family's future.

7. Upon information and belief, the unreasonable delay in adjudicating Plaintiff's visa application is due to pending or incomplete background checks.

8. Plaintiff is entitled to a decision on the result of his AP and the pending visa application.

9. The undue delay and improper withholding of statutorily mandated adjudication of a pending application, presents an ongoing violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*; the Immigration Nationality Act § ("INA"), INA § 245(a) (8 U.S.C. § 1255(a); 8 C.F.R. § 245.1(a).

10. Defendants are infringing Plaintiff's rights by this undue delay because it is detrimentally affecting Plaintiff's emotional and physical well-being, and inhibiting his ability to plan for his future, and the future of his family.

11. The visa application and the AP investigation remain within the jurisdiction of Defendants, who have improperly withheld action on it, to the extreme detriment of the rights and privileges of Plaintiff.

12. Plaintiff does not ask this Court to review or overturn the consular officer's decision under §221(g), but instead seeks to compel Defendants to complete the ongoing administrative processing and issue a final decision, as required under the Administrative Procedure Act (APA) and Mandamus Act.

13. This case is distinct from prior dismissed litigation (Case 1:24-cv-02162-JMC) because Plaintiff now alleges a continued, unreasonable delay far exceeding normal AP timeframes, with no explanation from Defendants.

## II.    JURISDICTION

14. There exists an actual and justiciable controversy between Plaintiff and Defendants requiring resolution by this Court. Plaintiff has no adequate remedy at law.

15. This is a civil action brought pursuant to the U.S. Constitution, the Immigration and Nationality Act ("INA"), 9 U.S.C. § 1329 (jurisdiction of U.S. District Courts) and 28 U.S.C. §§1331 (federal question jurisdiction) and 1361 (mandamus action to compel an officer of the United States to perform a duty owed to Plaintiff) to seek relief for the deprivation of rights and immunities guaranteed to Plaintiff. Jurisdiction is conferred by these statutes to compel Defendants to perform duties that they owe to Plaintiff.

16. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Furthermore, Plaintiff is challenging Defendants' authority to refuse to adjudicate Plaintiff's application, and not

4

challenging a decision with the discretion of Defendants. Therefore, jurisdiction exists for this Court to consider whether Defendants have authority to withhold adjudication of the application.

17. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA").

18. The APA mandates government agencies to carry out their duties within a reasonable time. 5 U.S.C. § 555(b) asserts "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." All Defendants and their subordinate agencies are subject to 5 U.S.C. § 555(b). *See Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (citing *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n. 4 (1986). *See also Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiffs' complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act, within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to, compel agency action ... unreasonably delayed," 5 U.S.C. § 706(1).")

19. Notably, INA § 242, 8 U.S.C. § 1252, does not strip this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel Defendants to adjudicate Plaintiff's unreasonably delayed petition this Court maintains original mandamus

jurisdiction under 28 U.S.C. § 1361. *See Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is ... significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action."

20. Moreover, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Since conducting and completing AP is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding in an adjustment of status case that "the Court does have jurisdiction over Plaintiffs' APA claim that defendants have unreasonably delayed adjudicating his application"); See also *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all.").

21. The Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and the APA, 5 U.S.C. § 500 *et seq.*

III.    **VENUE**

22. Pursuant to 28 U.S.C. § 1391(e), venue is proper in this judicial district for as follows: this is a civil action in which (1) Defendants are officers of the United States acting in their official capacity or agencies of the United States, and no real property is involved; (2)

6

Plaintiff resides in this judicial district; and (3) a substantial part of the acts or omissions giving rise to the claim occurred in this judicial district.

23. Furthermore, Plaintiff selected this Court as the venue because at issue in this case is a program known as the "Controlled Application Review and Resolution Program" ("CARRP"), which intentionally delays the applications of Muslims or those from predominantly Muslim countries due to perceived security concerns. The Washington, D.C., area is where Defendants are headquartered, where Defendants created CARRP, and where Defendants now administer and implement CARRP. Upon information and belief, Defendants are using the CARRP program to intentionally delay this case

## IV.    PARTIES

24. Plaintiff is a Dutch citizen residing in Eindhoven.

25. Defendant Marco Rubio, U.S Secretary of State, oversees the Department of State, which is responsible for adjudicating visa applications under the INA and implementing regulations, and subject to the APA, 5 U.S.C. § 701 *et seq.* All U.S. embassies and consulates operate under the Defendant Rubio's Department of State. He is named in his official capacity.

26. Defendant John Armstrong is the U.S. Assistant Secretary of State for Consular Affairs. As the Assistant Secretary for Consular Affairs, he is charged with oversight of all consular matters, including immigrant visas. Defendant Armstrong is sued in his official capacity.

27. From the organization of the U.S. Embassy in Amsterdam, the Netherlands, Plaintiff has named a defendant, Marcus Micheli, Deputy Chief of Mission of the Embassy. Mr. Micheli is named in his official capacity as a defendant because of his leadership role

within the component of Department of State in the Netherlands which is responsible for processing and adjudicating visa applications and implementing federal immigration laws.

## V.    EXHAUSTION OF REMEDIES

28. There is simply no administrative alternative to this complaint. Plaintiff has inquired regarding the status of this case, but Plaintiff has received no meaningful responses to his inquiries. There is no available means by which AP can be resolved. With no other options available, Plaintiff has had to resort to bringing this action, asking this Court to compel Defendants to complete the visa adjudication process.

## VI.    FACTUAL BACKGROUND

29. Plaintiff is a Dutch citizen who applied for an I-140 petition, seeking INA §203(b)(2)(B) classification.

30. Section 203(b)(2) deals with professionals holding advanced degrees or persons of exceptional ability. Subsection (B) generally involves waivers for these applicants, often referred to as "National Interest Waivers" (NIWs). These waivers allow certain immigrants to petition for permanent residency without the need for a labor certification, if their admission is deemed to be in the national interest of the United States.

31. The United States Citizenship and Immigration Services (the "USCIS") informed Plaintiff on April 29, 2021 ("Received Date") of receipt of his Form I-140.

32. Following completion of Plaintiff's case at the USCIS, a case number was the USCIS sent the case to Defendants Rubio and Armstrong's National Visa Center (the "NVC").

33. The NVC issued Case No. **AMS2022848001** assigned to the U.S. Embassy in Amsterdam, the Netherlands.

34. On May 23, 2023, a consular officer at the Embassy interviewed Plaintiff.

35. As a matter of fact, Plaintiff expected the Embassy to issue the visa without any further delay.

36. Defendants have been investigation Plaintiff's AP over 26 (twenty six) months now.

37. Defendants filed a motion to dismiss to previous Plaintiff's petition for a writ of mandamus filed a year ago. In Karimova v. Abate, the D.C. Circuit found no duty to act after a consular officer issued a final §221(g) refusal. Here, Plaintiff's case remains open in AP; no final denial has issued, and CEAC shows the application is still pending. Plaintiff seeks to compel completion of this pending process, not re-adjudication of a concluded application.

38. It is unclear what Defendants are processing that is taking an unreasonably long time because they do not provide to Plaintiff any substantive answers as to the contents and duration of AP.

39. Defendants' failure to timely resolve Plaintiff's AP goes against clearly stated policy goals of this administration.

40. Defendants are responsible for adjudicating Plaintiff's visa application and for completing his AP, but despite numerous inquiries, Defendants have failed to take action to resolve his AP and to finally adjudicate the visa application.

41. Plaintiff brings this action to obtain an order compelling Defendants to complete his AP and adjudicate the visa application he filed.

VII.    **CAUSES OF ACTION**

**COUNT I**

**5 U.S.C. §§ 555(b) and 706(1)**

**Unreasonable Delay in Agency Action Under Administrative Procuress Act**

9

42. All previous paragraphs are incorporated as though fully set forth herein.

43. Pursuant to the APA, 5 U.S.C. § 706(1), courts have the power to compel agency Action that is unlawfully withheld or unreasonably delayed.

44. Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law" and agency action taken "without observance of procedure required by law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. 706(C); or "without observance of procedure required by law," 5 U.S.C. § 706(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent thereof, or failure to act." 5 U.S.C. § 551(13).

45. Defendants have a statutory obligation to process Plaintiff's petitions for his visa and complete this AP, within a reasonable time. 5 U.S.C. § 555(b).

46. Plaintiff has fulfilled all the requirements under the law, submitted all necessary documents to complete the application as evident by Defendants' approval of the I-140 petition and granting visa interviews to Plaintiff, but Defendants have unreasonably withheld processing Plaintiff's AP.

47. Defendants' delay in **excess of 4 (four) years** to adjudicate this visa application and **26 (twenty six) months to resolve AP** is unreasonable and therefore violates 5 U.S.C. § 555(b).

## COUNT II

## 28 U.S.C. § 13610

## Writ of Mandamus To Compel Officers And Agencies Of The United States

**To Perform Duties Owed To Plaintiff**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel Defendants to perform a duty owed to Plaintiff.

50. In order to succeed on a claim under the Mandamus Act, Plaintiff must establish: 1) a clear right to the relief requested; 2) a clear duty by the defendant to perform the act; and 3) no other adequate remedy is available. *See, e.g., Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); and *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

51. Plaintiff filed a visa application and paid the requisite fees to Defendants and Embassy. Plaintiff has a clear right to have this visa application adjudicated and his AP completed under 22 C.F.R. §42.81(a). See, *supra*.

52. Plaintiff has made inquiries with Defendants but there are no other adequate remedies available to address the delay in the adjudication of this visa application. See, *supra*.

53. If the Court decides that relief may not be granted under the APA, Plaintiff will have no legal remedy to address the Defendants' delay in adjudicating this visa application, making relief *only* available under the Mandamus Act (28 U.S.C. §1361, *et seq.*).

54. Plaintiff respectfully requests that this Court order Defendants to perform their ministerial duty and adjudicate this visa application under either the APA or the Mandamus Act. See, *supra*.

**COUNT III**

**CARRP**

**Declaratory Judgment**

**Controlled Application Review And Resolution Program**

11

55. Department of State regularly works with other agencies when carrying out background and security investigations that are delayed by administrative processing.

56. The Department of Homeland Security has a policy, known as the Controlled Application Review and Resolution Program ("CARRP") that intentionally delays the applications of Muslims or those from predominantly Muslim countries due to perceived security concerns.

57. Since 2008, Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits the approval of an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

58. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

59. Plaintiff. was born in a predominantly Muslim country. On information and belief, Plaintiff alleges that Defendants are intentionally delaying this immigration case because of an application of the CARRP program.

## VIII.   PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court enter an order:

a.      Accepting and maintaining jurisdiction of this action;

b.      Declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

c.      Enjoining Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of the visa petitions that Plaintiff filed;

d.      Ordering Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

e.      Mandating that the Defendants process Plaintiff's visa application and his AP within fifteen (15) calendar days of this order or as soon as reasonably possible;

f.      Granting attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

g.      Granting such other and further relief as may be appropriate.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted on 23 July , 2025.

M. Valefi

Mahdiar Valefi